IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MELVIN THOMPSON, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. CBD-16-3867 |
| NANCY A. BERRYHILL, | ) |
|     Acting Commissioner, | ) |
|     Social Security Administration | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Melvin Thompson ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 18) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 19). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

I. **Procedural Background**

On November 18, 2013, Plaintiff filed for SSI under Title XVI, alleging disability beginning November 4, 2013. R. 22, 204–09. Plaintiff's application was initially denied on March 28, 2014. R. 78–86. Thereafter, Plaintiff filed for reconsideration, and on August 18,

1

2014, Defendant affirmed the initial decision denying Plaintiff's application. R. 110–12, 87–97. An administrative video hearing was held on June 16, 2016, R. 36-64, and on June 28, 2016, the claim was denied. R. 19. Plaintiff sought review by the Appeals Council, which concluded on October 18, 2016, that there was no basis for granting the Request for Review. R. 1-7.

**II.      Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.' "). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 22–31. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful

activity since November 18, 2013.  R. 24.  At step two, under 20 C.F.R. § 416.920(c), the ALJ determined that Plaintiff has the following severe impairments: obesity, degenerative disc disease of the lumbar spine, and diabetes mellitus.  *Id.*  The ALJ stated that the "medically determinable impairments are severe, because they have more than a minimal effect on the claimant's ability to do basic work activities."  *Id.*  In step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925 and 416.926.  R. 25.  At step four, the ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except frequently balancing, stooping, kneeling, crouching and crawl; occasionally climbing ramps and stairs; never climbing ladders, ropes or scaffolds.  *Id.*  At step five, the ALJ determined that Plaintiff is capable of performing his past relevant work as a barber.  R. 30.  The ALJ then concluded that Plaintiff is not disabled within the meaning of the Social Security Act.  R. 31.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in his favor, or in the alternative, remand this matter to the Social Security Administration for a new administrative hearing, alleging that the ALJ's final decision is not supported by substantial evidence.  Pl.'s Mot. 1, 3.  For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A. *The ALJ failed to consider all relevant evidence in making his decision.*

Plaintiff alleges that the ALJ erred in his decision finding that Plaintiff does not have an impairment or combination of impairments that meet the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926 ("the Listings").  Pl. Mot. 8–18.  As Plaintiff aptly states in his Response to Defendant's Motion, this Court has stated that "it

5

would be unfair to allow the Commissioner to rely on the absence of relevant information within treatment notes that cannot be deciphered." *White v. Comm'r, Soc. Sec.*, 2014 WL 1024002, at *2. (D. Md. Mar. 13, 2014). While the Court is persuaded by Defendant's argument that the ALJ provided sufficient evidence in his decision for why Plaintiff's impairments fail to meet an impairment included in the Listings, the Court must abide by the Rulings set forth by the Social Security Administration. In SSR 96-5p, the Ruling states that:

> The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability. . . Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

SSR 96-5p, 1996 WL 374183, at *3, *6. (S.S.A.). Here, the ALJ failed to evaluate all relevant evidence in the case record, or reach out to Plaintiff's treating physician for clarification of his illegible visit notes. R. 30. As the ALJ stated in his decision, the ALJ did not "find [Dr. Khalil's] office visit notes legible enough to determine if he includes [positive straight leg raises bilaterally] in his office visit notes." *Id*. As such, the ALJ's decision did not adequately address all relevant evidence related to Plaintiff's impairments. Accordingly, the case is REVERSED and REMANDED with specific instructions for the ALJ to consider all relevant evidence, specifically instances of sensory loss, and to clarify any relevant information which may be material to Plaintiff's claims.

### B. The ALJ did not erroneously evaluate Plaintiff's subjective complaints.

Plaintiff alleges that the ALJ erroneously evaluated Plaintiff's subjective complaints. Pl. Mot. 19. After considering the evidence presented, the ALJ determined that some of the alleged symptoms could have reasonably been caused by Plaintiff's impairments, but Plaintiff's

6

"statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the medical evidence." R. 26. Plaintiff claims that the ALJ's determination was flawed in that it was only supported by "objective medical evidence," which can not be the sole basis for discrediting subjective allegations. Pl. Mot. 19–20. For the following reasons, the Court is not persuaded that the ALJ erred in finding that Plaintiff's statements were not credible in regards to their intensity, persistence, and limiting effects.

Pursuant to 20 C.F.R. § 416.929, in evaluating a claimant's subjective complaints, the ALJ is required to follow a two-step process: (1) the ALJ must find that objective medical evidence is present to show that a claimant has a medical impairment which could reasonably be expected to produce the symptoms alleged; and (2) the ALJ must determine whether statements about the intensity and persistence of a claimant's symptoms are consistent with the objective medical evidence. R. 25–26. The ALJ found that based on the objective medical evidence, Plaintiff's impairments could "reasonably be expected to cause some of the alleged symptoms." R. 26. The ALJ then considered relevant evidence presented in his determination that Plaintiff's statements lacked credibility, including Plaintiff's conservative treatment, infrequent doctor visits, and contradicting medical exams. R. 26–28. Specifically, the ALJ notes that the record reflects visits to Plaintiff's treating physician "only a handful of times" over the course of four years, indicating that Plaintiff's subjective claims were not as severe as alleged. R. 26–27. While the Court does not suggest that a conservative course of treatment dismisses a claimant's subjective allegations, the Court finds that the ALJ used substantial evidence in making his determination. Indeed, the ALJ relied heavily upon contradicting medical visits, specifically noting that Plaintiff's medical records show an inconsistent pattern of pain, sensory loss, and medication usage.

7

The ALJ provided sufficient explanation for why he did not give Plaintiff's treating physician controlling weight. "The ALJ is required to give 'controlling weight' to opinions proffered by a claimant's treating physician so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (citing to 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Plaintiff relies on *Lewis* in alleging that the ALJ erred by not giving controlling weight to Plaintiff's treating physician. Pl. Mot. 22–23. However, the decision in *Lewis* is not representative of the facts of this case. The court in *Lewis* noted that "the ALJ's rejection of Lewis' treating physician sources [was] perfunctory;" indeed finding that "all of the medical professionals who examined Lewis provided opinions consistent with her treating physicians." *Id*. at 868. In the present case, the ALJ's decision reflects contradicting opinions from the State agency medical consultants, Dr. Martinek, and Dr. Khalil, Plaintiff's treating physician. R. 29–30. Indeed, the facts of this case more closely resemble the facts in *McDonald v. Berryhill*, which differentiated *Lewis* in stating that "the Court held that the 'ALJ's analysis span[ned] only four lines and overlook[ed] critical aspects of [the plaintiff's] medical treatment history." 2017 WL 6403861, at *5 (M.D. N.C. 2017) (citing *Lewis*, 858 F.3d at 868). Instead, the court in *McDonald* found that "the ALJ's analysis was more than a 'perfunctory' rejection; he noted a category of evidence – [treating physician's] own treatment notes – that the ALJ found to be inconsistent with [treating physician's] opinion." *Id*. at *5. Similarly, this Court has previously determined that "the ALJ satisfied his burden to produce substantial evidence contradicting [treating physician's] opinions by drawing on [treating physician's] own treatment records." *Skinner v. Berryhill*, 2017 WL 5624950, at *10 (D. Md. 2017). In the present case, the ALJ entitled Dr. Khalil limited weight

8

based on his own treatment notes. R. 29. Indeed, the ALJ stated that Dr. Khalil's treatment notes are inconsistent with what he opined on multiple occasions. *Id.* The Court is convinced that the ALJ did not err in assigning the appropriate weight to medical opinions.

## IV. Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** with instruction for the ALJ to further review all relevant evidence presented on the record before making further determinations.

February 7, 2018                                                /s/
                                                Charles B. Day
                                                United States Magistrate Judge

CBD/gbc